J-S71040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHONICE MARTIN | : | |
| | : | |
| Appellant | : | No. 1287 EDA 2018 |

Appeal from the Judgment of Sentence January 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005281-2014

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 19, 2019**

Appellant Chonice Martin appeals from the judgement of sentence imposed after she pled guilty to aggravated assault and possession of an instrument of crime (PIC).[1]  Appellant's counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and its Pennsylvania counterpart, **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we remand this matter to the trial court for further proceedings consistent with this memorandum.

We briefly summarize the facts presented at Appellant's sentencing hearing as follows.  During an altercation on July 1, 2017, Appellant used a six-inch steak knife to stab the complainant, Ms. Mitchell, two times in her chest underneath her right arm.  **See** N.T. Sentencing, 1/11/18, at 20.  The treatment of the complainant's injuries required the placement of a chest tube

_____
[1] 18 Pa.C.S. §§ 2702(a), 907(a).

and a five-day stay in the hospital. **Id.** As a result, Appellant was charged with aggravated assault and PIC.

On July 13, 2017, Appellant entered an open guilty plea to the aforementioned charges. Sentencing was deferred for preparation of a pre-sentence investigation (PSI) report. On January 11, 2018, the trial court sentenced Appellant to a standard guideline-range sentence of four to ten years' incarceration for aggravated assault.[2] She was also sentenced to a consecutive term of five years' probation for PIC. Appellant was represented through sentencing by private counsel, C. Reginald Johnson, Esq. (Attorney Johnson).

After the trial court imposed Appellant's sentence, Attorney Johnson engaged in the following discussion of Appellant's post-sentence and appellate rights:

> [Attorney Johnson]: If I may, Your Honor? You have 10 days from today to ask me to put something in writing contesting what happened here today at your sentencing, a motion for reconsideration of sentence, something of the like. **As you sit here now, do you intend to ask His Honor, in writing, to reconsider?**
>
> [Appellant]: **Yes**.
>
> [Attorney Johnson]: In addition to that, if that motion is denied, you have 30 days from the denial date of that petition to file a notice of appeal to a higher court, the Superior Court, contesting

---

[2] Appellant had a prior record score of zero and an offense gravity score of eleven. Therefore, the standard-range minimum sentence was thirty-six to fifty-four months, plus or minus twelve months for aggravating or mitigating factors. **See** 204 Pa. Code § 303.16(a).

the legality of your plea and your sentence. Do you understand that?

[Appellant]: Yes.

[Attorney Johnson]: You will have to let me know within the next 30 days. That notice has to be filed in 30 days, either from today or from the denial of your motion for reconsideration.

[Appellant]: Thank you.

[Attorney Johnson]: Do you understand?

[Appellant]: Yes.

N.T. Sentencing, 1/11/18, at 43-44 (emphasis added).

The following day, Attorney Johnson filed a motion to withdraw as counsel. Attorney Johnson stated that he met with Appellant to discuss her post-sentence motion.[3] According to Attorney Johnson, Appellant blamed him "for the harsh sentence she received because the [c]ourt 'obviously does not like you—all the other lawyers were treated much better than you. Because you did not do your job I got this long sentence instead of probation.'" Attorney Johnson's Pet. to Withdraw as Counsel, 1/12/18, at 2 (unpaginated). Attorney Johnson indicated that Appellant also made "other unfounded incendiary comments" that demonstrated her desire for him to withdraw as counsel. *Id.* Attorney Johnson took no further action in this matter, and did not file Appellant's intended post-sentence motion or a notice of appeal.

Two months later, on March 13, 2018, the trial court granted Attorney Johnson's motion to withdraw and appointed new counsel "to file post-

---

[3] The record indicates that Appellant intended to seek reconsideration of her sentence, but does not indicate that she sought to withdraw her guilty plea.

sentence motions and notices including, but not limited to, a motion for reconsideration of sentence and/or notice of appeal." *See* Order, 3/13/18. The trial court's order did not set the time for filing a post-sentence motion or a notice of appeal nunc *pro tunc*. That same day, Jennifer Ann Santiago, Esq. (Attorney Santiago) entered her appearance as new counsel for Appellant.

On April 9, 2018, Appellant, through new counsel, filed a motion for reconsideration of sentence. On April 12, 2018, the trial court denied the motion as untimely filed from the January 11, 2018 judgment of sentence.

Appellant thereafter filed a notice of appeal on April 30, 2018.[4] On May 2, 2018, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. In response, on May 24, 2018, Appellant's counsel filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4), asserting that there were no meritorious issues to raise on appeal, "as this was a guilty plea." *See* Rule 1925(c) Statement, 5/24/18, at 1.[5] The trial court issued a 1925(a) opinion on June 8, 2018, concluding that there were no meritorious appellate claims, because Appellant failed to file a timely

---

[4] Attorney Santiago purported to appeal from the "Order of Judgment entered in the above-captioned matter on the 24th day of April, 2018." Notice of Appeal, 4/30/18.

[5] We note that, in "[a] plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence[,]" but that a defendant "may challenge the discretionary aspects of [her] sentence . . . so long as there is no plea agreement as to the terms of the sentence." *Commonwealth v. Stewart*, 867 A.2d 589, 591 (Pa. Super. 2002).

- 4 -

post-sentence motion and/or timely notice of appeal from the January 11, 2018 sentence.[6]  **See** Trial Ct. Op., 6/8/18, at 3.

On July 6, 2018, this Court issued a rule to show cause as to why the appeal should not be quashed as untimely.  Appellant did not file a response.  Instead, on July 13, 2018, Attorney Santiago filed a petition to withdraw and a separate **Anders**/**Santiago** brief.  This Court discharged the rule to show cause and referred consideration of Appellant's response to this panel.

Initially, we must consider whether we have jurisdiction over this appeal.  **See Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (stating that "appellate courts may consider the issue of jurisdiction *sua sponte*") (citation omitted).  Jurisdiction is vested in this Court upon the filing of a timely notice of appeal.  **Id.**

"In order to perfect a timely appeal, a defendant must file a notice of appeal within 30 days of the imposition of [her] sentence, unless [she] files a timely post-sentence motion within 10 days of sentencing, thereby tolling that 30–day window."  **Commonwealth v. Leatherby**, 116 A.3d 73, 78 (Pa. Super. 2015) (citations omitted).  However, "[i]f no timely post-sentence motion is filed, the defendant's appeal period begins to run from the date sentence is imposed."  Pa.R.Crim.P. 720, cmt; **see Commonwealth v. Dreves**, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*) (stating that the

---

[6] However, the trial court did not address the sixty-day delay between counsel's motion to withdraw and the subsequent hearing at which counsel's motion was granted and new counsel was appointed.

- 5 -

filing of untimely post-sentence motions does not toll the thirty-day period to file an appeal from the judgment of sentence).

"Generally, an appellate court cannot extend the time for filing an appeal." **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007). "Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Id.* Moreover, a request to file a post-sentence motion or direct appeal *nunc pro tunc* must be raised in a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. **See Commonwealth v. Liston**, 977 A.2d 1089 (Pa. 2009) (regarding post-sentence motions); **Commonwealth v. Eller**, 807 A.2d 838, 846 (Pa. 2002) (addressing direct appeals).

Here, Appellant was sentenced on January 11, 2018, and she filed an untimely post-sentence motion on April 9, 2018. Because the post-sentence motion was untimely filed, it did not toll the time period in which Appellant was required to file a notice of appeal with this Court. **See Dreves**, 839 A.2d at 1127 (stating that the filing of untimely post-sentence motions does not toll the thirty-day period to file an appeal from the judgment of sentence). Therefore, Appellant's notice of appeal was due by February 12, 2018,[7] and the notice of appeal filed on April 30, 2018, was untimely on its face.

---

[7] Although February 10, 2018 was thirty days from the date Appellant was sentenced, it was a Saturday. *See* 1 Pa.C.S. § 1908 (stating that when the last day of a statutory period falls on a Saturday or Sunday, such day shall be omitted from the time computation).

Ordinarily, we would be constrained to quash this appeal. Nevertheless, under the unique circumstances of this case, we decline to do so based on a breakdown in the operations of the court. **See id.**; **see also Leatherby**, 116 A.3d at 79 (stating that an appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court."). At sentencing on January 11, 2018, Appellant clearly instructed her privately retained counsel, Attorney Johnson, to file a motion for reconsideration. **See** N.T. Sentencing, 1/11/18, at 43-44. The following day, however, Attorney Johnson moved to withdraw as counsel and took no further actions to protect Appellant's post-sentence or appellate rights. The trial court did not rule on Attorney Johnson's motion until March 13, 2018, well after the deadlines for Appellant to file either a post-sentence motion or a direct appeal passed.

Further, the trial court's March 13, 2018 order stated that new counsel would be appointed to a file a post-sentence motion or notice of appeal. **See** Order, 3/13/18. That order did not indicate when such filings were due. More significantly, the trial court did not indicate that it would regard any filing as being untimely from the date of imposition the judgment of sentence. Therefore, although Attorney Santiago could have filed a PCRA petition seeking reinstatement of Appellant's post-sentence and appellate rights, the

trial court's March 13th order suggested that the court would accept her post-sentence motion and/or notice of appeal *nunc pro tunc*.[8]

Accordingly, we conclude that the trial court erred in finding that Attorney Santiago's April 9, 2018 post-sentence motion was untimely filed from the January 11, 2018 judgment of sentence. We further conclude that the failure to file post-sentence motions and a direct appeal in a timely fashion resulted from breakdowns that were beyond Appellant's control.

For the foregoing reasons, we decline to quash Appellant's appeal. **See** **Leatherby**, 116 A.3d at 79. Given the breakdowns in the operation of the court, we remand this matter for the trial court to address the merits of

---

[8] Further adding to the confusion, one of the trial court's docket entries for March 13th states: "**PCRA** continued. Defense attorney Carl Johnson is withdrawn as counsel of record. Court to appoint new counsel. List for status of counsel – 4/24/18 – Room 200." **See** Trial Ct. Docket CR-5281-2014 at 16 (emphasis added). As noted above Attorney Santiago did not discuss the trial court's ruling that her post-sentence motion and notice of appeal were untimely. Instead, for the first time in her **Anders**/**Santiago** brief, she states that "[a]fter a [PCRA] petition, Appellant filed her **timely** Notice of Appeal on April 30, 2018." Appellant's Brief at 5 (emphasis added).

We add that quashing the present appeal would significantly limit Appellant from seeking reinstatement of her direct appeal rights *nunc pro tunc* in a timely filed PCRA petition. **See Commonwealth v. Brown**, 943 A.2d 264, 268 (Pa. 2008) (stating that the untimely filing of a direct appeal does not toll the period for seeking PCRA review and that a petitioner has one year from thirty days after the judgment of his sentence to file a timely PCRA petition.) Because Appellant did not file a timely direct appeal, her PCRA petition would be due by thirty days and one year after the imposition of sentence, or February 12, 2019. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (noting that when a PCRA petitioner does not file a direct appeal his or her judgment of sentence becomes final thirty days after imposition of sentence).

Appellant's post-sentence motion *nunc pro tunc*. In the event the court denies Appellant's motion, Appellant shall have the right to file a notice of appeal within thirty days of the order denying her motion.

Case remanded with instructions. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/19